UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TORRE ROSSA, LLC, | ) | Case No.: 1:20 CV 1095 |
| Individually and on behalf of all others | ) | |
| similarly situated | ) | |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| LIBERTY MUTUAL INSURANCE, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is Plaintiff Torre Rossa, LLC's ("Plaintiff") Motion to Remand ("Motion") (ECF No. 7). For the following reasons, the court denies Plaintiff's Motion.

### I. BACKGROUND

**A.    Factual Background**

In response to the COVID-19 "Coronavirus" global pandemic spreading illness and disease throughout all areas of the world, Ohio State Governor Michael DeWine declared a state of emergency on March 9, 2020. (Pl.'s Mot. at PageID# 57, ECF No. 7.) On March 22, 2020, the Ohio Department of Health issued a mandatory Stay-at-Home Order, which was later amended on April 2, 2020 (collectively, the "Stay-at-Home Orders"). (*Id*.) The Stay-at-Home Orders mandated that

all Ohio restaurants and bars close their businesses until a limited reopening was allowed in May 2020. (*Id*.) Similar orders and directives were issued in other states, resulting in a nationwide economic shutdown.

Plaintiff contends that it suffered economic losses as a result of the Stay-at-Home Orders and Ohio's further restrictions on restaurants' ability to conduct business other than carry-out and delivery. (Compl. ¶¶ 23–27, ECF No. 1-1.) To address these alleged losses, Plaintiff filed a claim with Defendant Liberty Mutual Insurance ("Defendant" ) under its commercial business owner policy ("Policy"). (*Id*. ¶ 28.) Defendant denied coverage, asserting among other things, that the Policy explicitly excludes losses arising from a virus outbreak. (Notice of Removal ¶ 3, ECF No.1.)

**B.     Procedural History**

On April 15, 2020, Plaintiff commenced this class action in the Cuyahoga County Court of Common Pleas (Case No. CV-20-931885), seeking a declaratory judgment on the insurance coverage issue related to COVID-19 ("Count I"), as well as damages for its breach of contract ("Count II") and breach of the covenant of good faith and fair dealing ("Count III") claims. (Notice of Removal ¶¶7–9, ECF No. 1.) Defendant was served with a copy of the Complaint on April 22, 2020. (*Id*. ¶7.)

On May, 19, 2020, Defendant removed this case pursuant to 28 U.S.C. §§ 1332(a), 1332(d), 1441, 1446, and 1453. (ECF No. 1.) In the Notice of Removal, Defendant asserts that removal is proper for two independent reasons: (1) "there is complete diversity of the parties and the amount in controversy exceeds $75,000"; and (2) "there is minimal diversity between the Defendant and the putative class, allegedly exceeding 100 members, and that the amount in controversy exceeds $5 million as required for removal pursuant to 28 U.S.C. § 1332(d)." (*Id*. ¶ 4)

On July 1, 2020, Plaintiff filed this Motion, asking the court to exercise its discretion and remand the case back to state court. (ECF No. 7.) Defendant filed a Brief in Opposition (ECF No. 9) on August 5, 2020, to which Plaintiff replied on August 26, 2020 (ECF No. 11). On October 26, 2020, Defendant also filed a Notice of Supplemental Authority (ECF No. 12). Thus, Plaintiff's Motion is ripe and ready for resolution.

## II. LEGAL STANDARDS

### A. Removal Standard

Removal from state court to federal court is proper for "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over "federal question" cases, which implicate questions "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over "civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different states." 28 U.S.C. § 1332(a). In addition, the Class Action Fairness Act ("CAFA") provides federal district courts with "original jurisdiction to hear a class action if the class has more than 100 members, the parties are minimally diverse, and the matter in controversy exceeds the sum or value of $5,000,0000." *See Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 282 (6th Cir. 2016).

A court considers whether federal jurisdiction existed at the time of removal and the removing party "bear[s] the burden of establishing federal subject-matter jurisdiction." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453–54 (6th Cir. 1996); *see also Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007) (explaining that defendants "removing an

action under [CAFA] remain obligated to establish the jurisdictional requirements of the venue"). Pursuant to 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." It is well-settled in the Sixth Circuit that, "because they implicate federalism concerns, removal statutes are to be narrowly construed." *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Thus, when there is uncertainty as to whether remand is appropriate, "all doubts should be resolved in favor of remand." *Ethington v. Gen. Elec. Co.*, 575 F. Supp. 2d 855, 860 (N.D. Ohio 2008).

**B.     Declaratory Judgment Standard**

As an initial matter, the court pauses to note while Plaintiff urges this court to remand this entire case back to state court, there is no question that if removal is proper, the court does not have the authority to remand Plaintiff's damages claims. *See Knowlton Const. Co. v. Liberty Mut. Ins. Co.*, No. 2:07-CV-0748, 2007 WL 4365690, at *3 (S.D. Ohio Dec. 13, 2007) (denying remand when "the [c]ourt [w]as faced with a request to remand an entire case to state court when the removal was proper, and where the court has a mandatory obligation to exercise jurisdiction over two of the three claims in the complaint"). Conversely, as explained below, the court does enjoy substantial discretion in its determination of whether it will exercise jurisdiction over Plaintiff's declaratory judgment claim.

The Declaratory Judgment Act gives federal courts "unique and substantial discretion in deciding whether to declare the rights of litigants." *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 554 (6th Cir. 2008) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)); *see also* 28 U.S.C. § 2201 (providing that courts "may declare the rights and other legal relations of any interested party seeking such declaration"). Even when a district court has jurisdiction under the Federal Declaratory

Judgments Act, "it [is] under no compulsion to exercise [its] discretion." *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 494 (1942). Still, the court's discretion is not unfettered. *United States Fire Ins. Co. v. Albex Aluminum, Inc.*, 161 F. App'x 562, 564 (6th Cir. 2006).

The Sixth Circuit has identified five factors (the "*Grand Trunk*" factors) that district courts must consider when determining whether to exercise jurisdiction over a declaratory judgment action:

> (1) [W]hether the declaratory action would settle the controversy;
>
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
>
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;"
>
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
>
> (5) whether there is an alternative remedy which is better or more effective.

*United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 396 (6th Cir. 2019) (quoting *Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)). The Sixth Circuit has further divided the fourth *Grand Trunk* factor into three sub-factors:

> (1) [W]hether the underlying factual issues are important to an informed resolution of the case;
>
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Cole's Place*, 936 F.3d 386, 396 (6th Cir. 2019) (quoting *Flowers*, 513 F.3d at 560).

The *Grand Trunk* factors are not necessarily equal, but the Sixth Circuit has "'never indicated' the relative weights of the factors." *Cole's Place*, 936 F.3d at 396 (quoting *Flowers*, 513 F.3d at 563). As long as a district court "take[s] a good look at the issue and engage[s] in a reasoned analysis," the court enjoys "substantial discretion to exercise jurisdiction." *Cole's Place*, 936 F.3d at 396 (quotations omitted); *see also Flowers*, 513 F.3d at 546 ("We review a district court's decision to exercise jurisdiction over a declaratory judgment action for abuse of discretion.")

### III. LAW AND ANALYSIS

**A.**     **Jurisdiction Under 28 U.S.C. § 1332(a) and 28 U.S.C. § 1332(d)**

There is no dispute that the jurisdictional requirements of 28 U.S.C. § 1332(a) are satisfied. Plaintiff is an Ohio limited liability company with its principal place of business in Beachwood, Ohio and Defendant is a Massachusetts corporation with its principal place of business in Massachusetts. (Compl. ¶¶1–2, ECF No. 1-1.) Similarly, Plaintiff has not challenged the amount-in-controversy requirement of § 1332(a). In discussing the jurisdictional requirements of § 1332(a), the Supreme Court has stated, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). In this case, Defendant asserts that the amount-in-controversy requirement is satisfied because Plaintiff seeks compensatory damages exceeding $25,000, as well as punitive damages, attorneys fees, and declaratory relief that "all business losses relating to COVID-19 are covered by [the Policy.]" (Notice of Removal ¶¶ 17–23, ECF No.1.) The court agrees. Thus, the court finds that it has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a).

Defendant also maintains that this court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(d), as amended by CAFA. Again, the court agrees. Here, jurisdiction is proper under CAFA because: (1) minimal diversity is satisfied because at least one Plaintiff and one Defendant are citizens of different states; (2) the 100 or more class member requirement is satisfied because Plaintiff's Complaint alleges that the amount of class members is "at least in the many thousands and possibly millions"; and (3) the amount in controversy requirement is satisfied because Plaintiff seeks monetary damages in excess of $25,000 for each class member. (Notice of Removal ¶¶ 25–33, ECF No.1.) Consequently, because this court has jurisdiction over the action pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1332(d), the court will briefly address the *Grand Trunk* factors to determine whether it should exercise its jurisdiction over the declaratory judgment claim.

**B.      Analyzing the *Grand Trunk* Factors**

Instead of challenging the procedural basis for removal, Plaintiff argues that this court should decline jurisdiction over this action because this case involves unsettled issues of Ohio insurance law. In response, Defendant makes two arguments: (1) the court must retain jurisdiction over Plaintiff's damages claims, and (2) the *Grand Trunk* factors support exercising jurisdiction over Plaintiff's declaratory judgment claim. Defendant's position is well-taken. As explained below, the court finds that it must retain jurisdiction over the damages claims and that, on balance, the majority of the *Grand Trunk* factors weigh in favor of maintaining jurisdiction over the declaratory judgment claim.

1. *Grand Trunk* Factors One and Two

As a district court in this circuit has explained, "[i]n insurance coverage cases, most courts consider the first two factors together because it is almost always the case that if a declaratory

judgment will settle the controversy, then it will clarify the legal relations in issue. *See United Specialty Ins. Co. v. Cole's Place, Inc.*, No. 3:17-CV-00326, 2018 WL 1914731, at *3 (W.D. Ky. Apr. 23, 2018), aff'd, 936 F.3d 386 (6th Cir. 2019). Typically, courts consider these factors in light of an on-going related state court action. *Mikmar, Inc. v. Westfield Ins. Co.*, No. 1:20-CV-01313, 2020 WL 6127912, at *2 (N.D. Ohio Oct. 19, 2020) (citing *W. World Ins. Co. v. Hoey,* 773 F.3d 755, 760 (6th Cir. 2014). However, in cases such as this, where there is no directly related state case between the parties, the rationale for declining jurisdiction is weaker. *See Brillhart*, 316 U.S. at 495. Further, as another district court has stated when considering this exact issue, "[d]etermining whether Defendant is obligated to cover Plaintiff[']s business income loss is largely dispositive of whether Defendant breached its insurance contract when it denied Plaintiff[']s claims." *Mikmar, Inc*., 2020 WL 6127912, at *3. Here, just as in *Mikmar*, the court finds that because the court's decision on the issue of whether Defendant has a duty to cover Plaintiff's COVID-19 related losses is dispositive of Plaintiff's breach of contract claim, the first and second *Grand Trunk* factors support the court's exercise of declaratory judgment jurisdiction.

2. *Grand Trunk* Factor Three

The third factor asks whether the use of the declaratory judgment action is motivated by "procedural fencing" or is likely to create a race for res judicata. As the Sixth Circuit has made clear, "[courts] are reluctant to impute an improper motive to a plaintiff where there is no evidence of such in the record." *See Flowers*, 513 F.3d at 558 (explaining that the purpose of the third factor is "to preclude jurisdiction for declaratory plaintiffs who file their suits mere days or weeks before the coercive suits filed by a 'natural plaintiff' and who seem to have done so for the purpose of acquiring a favorable forum"). There is no evidence in the record to establish that Plaintiff had an

improper motive for filing its declaratory judgment claim. Consequently, the court finds that this factor does not weigh against the exercise of jurisdiction.

### 3. *Grand Trunk* Factor Four

The first sub-factor supports accepting jurisdiction because there is no parallel Ohio state case involving the parties to this action.[1] However, the court finds that the second and third sub-factors weigh against exercising jurisdiction over the declaratory judgment claim for two reasons: (1) this case presents novel issues of Ohio insurance law, which are generally better left for the states to decide, and (2) the court must interpret Ohio law in order to determine the meaning of the Policy, which suggests that Ohio state courts are in a better position to evaluate the claim. *See Flowers*, 513 F.3d at 560. Thus, taken as a whole, the fourth factor weighs against exercising jurisdiction over the declaratory judgment claim.

### 4. *Grand Trunk* Factor Five

Finally, the court turns to the fifth and final factor—whether there is a better or more effective remedy to the declaratory action plaintiff. In making this determination, courts are instructed to conduct a "fact-specific [inquiry,] involving consideration of the whole package of options available to the federal declaratory relief plaintiff." *Flowers*, 513 F.3d at 562. However, as Defendant points out and as courts in this circuit have made clear, when a complaint includes damages claims as well as a request for declaratory relief, the exercise of jurisdiction over the damage claims is mandatory if all of the jurisdictional requirements of 28 U.S.C § 1332(a) are met

---

[1] In its Motion, Plaintiff repeatedly asserts that there are "hundreds of parallel state proceedings" currently pending in state court. (Pl.'s Mot. at PageID #57, 63, 65–66, ECF No. 7.) However, as the *Mikmar* court pointed out, "merely saying these cases are parallel does not make them so." *Mikmar, Inc* ., 2020 WL 6127912, at *2.

with respect to those claims. *See Equity Planning Corp. v. Westfield Ins. Co.*, No. 1:20-CV-01204, 2020 WL 5909806, at *4 (N.D. Ohio Oct. 6, 2020) (stating that "the presence of [the plaintiff's] monetary damages claim [were] dispositive of the motion to remand"); *see also Knowlton Const. Co.*, 2007 WL 4365690, at *3 (explaining that when the jurisdictional requirement of § 1332(a) are met, "[t]he exercise of jurisdiction over damages claims is mandatory and not discretionary as it is for [a] declaratory judgment claim").

In considering this exact same issue, the *Mikmar* court explained that while remanding the declaratory judgment claim and maintaining jurisdiction over the damages claim is an 'alternative remedy,' "it is not more efficient [because] [r]esolving these claims in a single action is likely to save the parties and the Court time and resources." *See Mikmar, Inc.*, 2020 WL 6127912, at *4. The court agrees. Thus, this factor weighs in favor maintaining jurisdiction over the declaratory judgment claim as well.

## IV. CONCLUSION

After reviewing the *Grand Trunk* factors and relevant case law, the court finds that the majority of the factors weigh in favor of exercising jurisdiction over the declaratory judgment claim. Because the court is required to exercise its subject matter jurisdiction over Plaintiff's claims seeking monetary relief, the court concludes that it should also exercise its discretion to maintain jurisdiction over Plaintiff's declaratory judgment claim. Consequently, the court denies Plaintiff's Motion (ECF No. 7).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

November 17, 2020